IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

AMI MECHANICAL, INC.,

      Defendant.

---

## COMPLAINT

---

### <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, when compensatory or punitive damages are sought to correct unlawful employment practices on the basis of national origin, color, and retaliation, and to provide appropriate relief to Joseph Muniz and other aggrieved individuals. As alleged with greater particularity below, the Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant AMI Mechanical, Inc. engaged in unlawful discrimination by providing non-White, Hispanic employees with less favorable terms and conditions of employment, including less favorable job assignments, created and tolerated a hostile work environment based on national origin and/or color, retaliated against employees who opposed what they reasonably and in good faith believed were unlawful discriminatory employment practices, and failed to make and preserve records relevant to the determination of

whether unlawful employment practices have been or are being committed.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant AMI Mechanical Inc. ("AMI"), a Colorado corporation, has continuously been doing business in the state of Colorado and the city of Thornton, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant AMI has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Joseph Muniz filed a charge with the Commission alleging violations of Title VII by Defendant AMI.

7.      The EEOC provided Defendant AMI with notice of the charge of discrimination.

8.      On February 13, 2018, the Commission issued to Defendant AMI, a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII.

9.      The Commission's determination included an invitation for Defendant AMI to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment and remedy the unlawful employment practices.

10.     The Commission engaged in discussions with Defendant AMI in an effort to give Defendant AMI an opportunity to remedy the discriminatory practices identified in the Letter of Determination.

11.     On April 30, 2018, the Commission issued to Defendant AMI a Notice of Failure of Conciliation advising Defendant AMI that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     At least as early as March 2014, Defendant AMI engaged in unlawful employment practices at its Yorkshire Apartments project in Thornton, Colorado, in violation of Sections 703, 704, and 709 of Title VII, 42 U.S.C. 2000e-2, 3, and 8, as well as 29 C.F.R. § 1602.14.

14.     Defendant AMI is a Colorado Corporation that provides plumbing and mechanical contracting services out of Thornton, Colorado.

***A.    Factual Allegations of Segregation, Hostile Work Environment, Discriminatory Terms and Conditions, and Less Favorable Job Assignments Based on Color and/or National Origin, and Retaliation***

15.     Joseph Muniz is Hispanic, non-White.

16.     Muniz considers his color to be Brown.

17.     In March 2014, Defendant AMI rehired Muniz to work on a project known as the Yorkshire Apartments project.

18.     Muniz had previously worked on three projects for Defendant AMI.

19.     The general contractor on the Yorkshire Apartments project was Pinkard Construction.  Defendant AMI was a subcontractor on the Yorkshire Apartments project.

20.     Defendant AMI assigned six non-supervisory employees and one "crew lead" employee to work on the Yorkshire Apartments project.

21.     The "crew lead" for the Yorkshire Apartments project was Earl Jones (white, non-Hispanic).

22.     Of the six non-supervisory employees assigned to the Yorkshire Apartments project, three were Hispanic and three were white.

23.     Muniz was one of the three Hispanic crew members on the Yorkshire Apartments project.

24.     Muniz's first-line supervisor on the Yorkshire Apartments project was Jones.

25.     The Yorkshire Apartment project included work in a confined space in which human waste was present along with dangerous levels of gases (hereinafter the "Confined Space").

26.     Jones assigned non-White, Hispanic employees to work in the Confined Space at the Yorkshire Apartments project at a disproportionately greater rate than non-Hispanic, White employees.

27.     Between March 24, 2014 and June 9, 2014, Jones assigned each of the three non-

White, Hispanic employees to work in the Confined Space on at least 20 separate occasions.

28.     Between March 24, 2014 and June 9, 2014, Jones assigned one of the three White, non-Hispanic employees to work in the Confined Space on five separate occasions.

29.     Between March 24, 2014 and June 9, 2014, Jones never assigned two of the three White, non-Hispanic employees to work in the Confined Space.

30.     On multiple occasions, air monitors used to assess gas levels in the Confined Space signaled high levels of carbon dioxide.

31.     Despite the high levels of carbon dioxide, Defendant required Muniz and other non-White, Hispanic workers to work in the Confined Space.

32.     Upon information and belief, Muniz and the other non-White, Hispanic workers suffered adverse health effects as a result of exposure to carbon dioxide and other gases.

33.     Muniz opposed and/or complained about the working conditions and discrimination to Jones, AMI Plumbing Manager Herman Bigger, and AMI Safety Director Rick Brandsma.

34.     Jones, Bigger, and Brandsma failed to address the issues raised by Muniz.

35.     After Muniz complained, Jones became angry and stated to Muniz that if the Hispanic workers did not want to work in the Confined Space, he would fire them and "get a bunch more fucking Mexicans" to replace them.

36.     On June 9, 2014, Muniz reiterated his complaints about the working conditions in the Confined Space and discriminatory work assignments, and submitted his two-day resignation notice.

37.     On June 10, 2014, Defendant AMI discharged Muniz and completed a

termination report.

38.     In the termination report, Defendant AMI stated that Muniz's performance was deficient when he reported to work that day, that he had "caused a lot of problems" on the Yorkshire Apartments project, and that Muniz was "permanently dismissed."

39.     The termination report further stated that Muniz was not eligible for rehire and that Defendant AMI "would not recommend" Muniz.

40.     The termination report further stated that Muniz "called OSHA [Occupational Safety and Health Administration] who did inspect and found no problems on project."

41.     On September 23, 2014, OSHA issued multiple citations finding Defendant AMI violated health and safety regulations on or before June 11, 2014 at the Yorkshire Apartment project.

42.     OSHA issued these citations based on the working conditions at the Yorkshire Apartments project.

43.     Defendant AMI subjected Muniz and other non-White, Hispanic workers to these and other substandard working conditions because of their color and/or national origin.

**B.  *Factual Allegations of Defendant AMI's Unlawful Destruction, or Failure to Preserve, Records***

44.     In the ordinary course of its business, including on the Yorkshire Apartments project, Defendant AMI generates daily work reports.

45.     In the ordinary course of business at the Yorkshire Apartments project, Jones generated daily work reports.

46.     After generating daily work reports for the Yorkshire Apartments project, Jones distributed daily work reports to the Project Manager.

47.   The daily work reports for the Yorkshire Apartment projects were saved in a job file.

48.   Jones prepared daily work reports at the end of each day on the Yorkshire Apartments project.

49.   Jones included in the daily work report for the Yorkshire Apartments project:

   a.   the tasks completed by employees;

   b.   the amount of pipe installed; and

   c.   any problems that came up during the workday, including if safety hazard alarms went off while employees were working in confined spaces.

50.   When Jones received complaints from employees on the Yorkshire Apartments project, including complaints of discrimination, his practice was to record those complaints in the daily work report.

51.   Defendant AMI preserved daily work reports for the Yorkshire Apartments project for the periods: December 6, 2013 through April 3, 2014 and August 13, 2014 through October 6, 2014.

52.   Defendant AMI destroyed, or failed to preserve, daily work reports for the Yorkshire Apartments project from April 4, 2014 through August 12, 2014.

### FIRST CLAIM FOR RELIEF
**[Discrimination based on Color and/or
National Origin – 42 U.S.C. § 2000e-2(a) & 2000e-5(f)(1)]**

53.   The allegations contained in the foregoing paragraphs are incorporated by reference.

54.   Defendant AMI discriminated against Joseph Muniz and other non-white, Hispanic employees because of color and/or national origin in violation of section 703(a) of Title

VII, 42 U.S.C. § 2000e-2(a), by segregating them, subjecting them to less favorable terms and conditions of employment, less favorable job assignments, by creating and tolerating a work environment that was hostile because of color and/or national origin, resulting in discharge or constructive discharge.

55.     The effect of the practices complained of above has been to deprive Muniz and other non-white, Hispanic employees of equal employment opportunities, and otherwise adversely affect their status as employees because of color, and/or national origin.

56.     The unlawful employment practices complained of above were intentional.

57.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Muniz and other non-white, Hispanic employees who were aggrieved by the discriminatory practices.

### SECOND CLAIM FOR RELIEF
**[Unlawful Retaliation – 42 U.S.C. § 2000e-2(a) & 2000e-5(f)(1)]**

58.      The allegations contained in the foregoing paragraphs are incorporated by reference.

59.     Defendant AMI engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Joseph Muniz and other aggrieved individuals because they opposed what they reasonably and in good faith believed were unlawful discriminatory employment practices.

60.     The effect of the practices complained of above has been to deprive Muniz and other aggrieved individuals of equal employment opportunities, and otherwise adversely affect their status as employees, because they opposed practices made unlawful by Title VII.

61.     The unlawful employment practices complained of above were intentional.

62.     The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Muniz and other employees aggrieved by the unlawful employment practices.

### THIRD CLAIM FOR RELIEF
**[Record Keeping Violation – 42 U.S.C. § 2000e-8(c)]**

63.     Defendant AMI has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

64.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Muniz and other employees aggrieved by the unlawful employment practices.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant AMI, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in unlawful employment discrimination based on race and national origin, and from engaging in unlawful retaliation.

B.     Order Defendant AMI to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hispanic employees which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant AMI to make whole Joseph Muniz and other similarly aggrieved Hispanic employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its

unlawful employment practices, including, but not limited to reinstatement, or front pay in lieu thereof.

       F.      Order Defendant AMI to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), including all records required to be preserved by 29 C.F.R § 1602.14.

       G.      Order Defendant AMI to make whole Joseph Muniz and other similarly aggrieved Hispanic employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

       H.      Order Defendant AMI to make whole Joseph Muniz and other similarly aggrieved Hispanic employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

       I.      Order Defendant AMI to pay Joseph Muniz and other similarly aggrieved Hispanic employees punitive damages for its discriminatory conduct described above that was malicious or done with reckless disregard for the employees' federally protected rights, in amounts to be determined at trial.

       J.      Grant such further relief as the Court deems necessary and proper in the public interest.

       K.      Award the Commission its costs of this action.

       RESPECTFULLY SUBMITTED this 26th day of June, 2018.

                    JAMES L. LEE
                    Acting General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC 20507


MARY JO O'NEILL
Regional Attorney

RITA BYRNES KITTLE
Supervisory Trial Attorney

*/s/ Karl Tetzlaff*
KARL TETZLAFF
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 E 17th Avenue, Suite 410
Denver, Colorado 80203

Phone: 303-866-1378
Email: karl.tetzlaff@eeoc.gov